UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO A. MANBORDE,

    Plaintiff,

v.

    Case No. 25-cv-10522
    Honorable Linda V. Parker

GM MOTORS, LLC,

    Defendant.

_____/

### OPINION AND ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; (2) REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT; AND (3) DENYING HIS MOTION TO ADD REAL PARTIES TO CLASS ACTION AND CLASS CERTIFICATION

On February 24, 2025, Plaintiff filed a Complaint in this District against GM Motors, LLC ("GM"), in which he claims a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). (ECF No. 1.) Plaintiff also filed a "Motion to Add Real Parties to Class Action and Class Certification Pursuant to Fed. R. Civ. P., Rule 23" (ECF No. 2) and an application to proceed in forma pauperis ("IFP") (ECF No. 6). The Court is granting Plaintiff's application to proceed IFP but, for the reasons discussed below, is requiring him to file an amended complaint and is denying his motion to add parties and for class certification.

**Standard of Review**

When a plaintiff has been granted leave to proceed IFP under 28 U.S.C. § 1915, the district court is required to screen the complaint and dismiss the action or any portion thereof that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Whether the plaintiff states a claim upon which relief can be granted is evaluated under the pleading standard described in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Pursuant to that standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that *the* defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556) (emphasis added).

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S.

at 555).  Pro se complaints are held "to less stringent standards than formal pleadings drafted by lawyers" and must "be liberally construed."  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citation omitted).

## Factual Background

According to the Complaint, on November 7, 2015, Plaintiff purchased a 2016 Chevrolet Colorado from a Chevrolet dealership in Miami, Florida, which was financed through a GM Financial loan.  The vehicle's odometer was at 14 miles.  A few months later, Plaintiff encountered problems with the vehicle's transmission, initially a slight delay in shifting which became a more evident "shudder" issue in 2017.  Plaintiff realized the vehicle's rear axle was making a humming sound when driven over 10 miles per hour.

He reported the issue to a Chevrolet dealership in Pembroke Pines, Florida, and GM customer support.  Plaintiff subsequently moved to Kansas and, in July 2017, took the vehicle to a Kansas City dealership to evaluate and service the rear axle.  The dealership questioned Plaintiff if he had been in an accident with the vehicle, as the rear axle had been replaced.  Plaintiff believes the dealership in Miami, Florida was deceptive in selling him the vehicle, knowing that the rear axle had been replaced when the vehicle was sold as new with a factory warranty, and that the shudder issue with the new model truck was due to the transmission.

Plaintiff reported this to GM customer support, and the dealership agreed "to replace/repair the issues with the Chevrolet Colorado for free." The problem nevertheless persisted. Plaintiff was not able to report the continued issue because he was arrested in Kansas on September 4, 2017, and the vehicle was subsequently repossessed by GM.

## Discussion

### Federal Subject Matter Jurisdiction

While Plaintiff fails to state the basis for the Court's subject matter jurisdiction in his pleading, the only claim alleged is based on Florida law. (*See generally* ECF No. 1.) Thus, he appears to be relying on diversity jurisdiction under 28 U.S.C. § 1332(a). Section 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different states . . . ." 28 U.S.C. § 1332(a). Plaintiff fails to allege any facts in his Complaint to show that the amount in controversy satisfies the jurisdictional requirement.

### Factual Allegations Against GM

Plaintiff also fails to allege facts to plausibly plead a FDUTPA violation against GM. "A claim under FDUTPA has three elements: (1) a deceptive or unfair practice; (2) causation; and (3) actual damages." *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 515 (6th Cir. 2015) (quoting *Siever v. BWGaskets, Inc.*, 669 F.Supp.2d 1286, 1292 (M.D. Fla.

4

2009)); *see also Boyle v. Ford Motor Co.*, No. 23-1452, 2024 WL 1406401, at *5 (6th Cir. Apr. 2, 2024) (quoting *Stewart Agency, Inc. v. Arrigo Enters. Inc.*, 266 So. 3d 207, 212 (Fla. Dist. Ct. App. 2019)). "An unfair practice is one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Boyle*, 2024 WL 1406401, at *5 (citing *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003)). "And deception may occur when a misrepresentation or omission is likely to mislead reasonable consumers to their detriment." *Id.* (citing *PNR*, 842 So. 2d at 777).

While Plaintiff claims that the Chevrolet dealership in Miami, Florida, "was deceptive for selling him" a "new" vehicle with a replaced rear axle, he does not allege what GM did that constituted a deceptive or unfair practice causing him damage or otherwise supports its liability. If the only unfair and deceptive practice was committed by the Florida dealership, this Court likely lacks diversity jurisdiction.

**"Motion to Add Real Parties to Class Action and Class Certification Pursuant to Fed. R. Civ. P., Rule 23"**

Although it is difficult to decipher exactly what Plaintiff is seeking in this motion, he seems to want to add an individual as a plaintiff to this action and pursue it as a putative class action. The prerequisites to maintaining a class action are that: "(1) the class is so numerous that joiner of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties

5

are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

Plaintiff fails to set forth facts in his Complaint or motion to suggest that anyone else should be added as a plaintiff or that this is a lawsuit warranting class-action treatment. His allegations concern a defect or defects in the single vehicle he purchased. Moreover, even if the individual he seeks to add as a party experienced similar issues with another GM vehicle, this is insufficient to satisfy the numerosity requirement for class certification. *See, e.g.*, *Kuchar v. Saber Healthcare Holdings LLC*, 340 F.R.D. 115, 120 (N.D. Ohio 2021) (citing William B. Rubenstein, *Newberg on Class Actions* § 3.12 (5th ed.)) ("Generally, a class with less than 20 members does not meet numerosity requirements, while a class of greater than 40 members is sufficient"); *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("numerosity is presumed at a level of 40 members"); *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) (noting that "generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors").

Finally, even if Plaintiff set forth sufficient facts to suggest that the issues he experienced with his Chevrolet Colorado affected numerous other GM vehicle purchasers, the Sixth Circuit has held that a pro se litigant cannot serve as a class representative. *See, e.g., Ziegler v. Michigan*, 90 F. App'x 808, 810 (6th Cir. 2004)

(citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)) ("[N]on-attorneys proceeding *pro se* cannot adequately represent a class.").

## Conclusion

In summary, Plaintiff must file an amended complaint that includes sufficient factual allegations to support this Court's jurisdiction over his state-law claim and to plausibly allege GM's liability. The amended pleading shall be filed within **twenty-one (21) days** of this Opinion and Order, or the Court will dismiss the action for lack of subject matter jurisdiction without further notice. Plaintiff's motion to add parties and for class certification is **DENIED**.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 31, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 31, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager