UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO A. MANBORDE,

        Plaintiff,

v.

        Case No. 25-cv-10522
        Honorable Linda V. Parker

GENERAL MOTORS, LLC,

        Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO ADD PLAINTIFF TO CLASS ACTION LAWSUIT (ECF NO. 10)**

Plaintiff Mario Manborde filed this action against Defendant General Motors, LLC ("GM"), alleging that GM violated the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312, and Michigan Consumer Protection Act, Mich. Comp. Laws §§ 445.901-.922.  (ECF No. 9 at PageID.48.)  In his amended complaint, Mr. Manborde states that he purchased a new 2016 Chevrolet Colorado from a Chevrolet dealership in Florida in November 2016.  (*Id*. at PageID.52-53.)  According to Mr. Manborde, he experienced issues with the vehicle's transmission, which he claims is a defective product manufactured and sold by GM.  (*Id*. at PageID.51.)  He further claims that GM engaged in deceptive practice because it was aware of the defective transmission and sold him the vehicle without disclosing the defect.  (*Id*. at PageID.56, 58.)

1

Presently before the Court is Mr. Manborde's motion to join the class action lawsuit against GM that is currently pending before United States District Court Judge David M. Lawson, *see* Amended Complaint, *Speerly v. General Motors, LLC*, No. 19-cv-11044 (E.D. Mich. September 30, 2019), ECF No. 41, as a plaintiff class member.  (ECF No. 10.)  For the reasons that follow, the Court denies the motion.

Mr. Manborde filed the instant motion pursuant to Federal Rule of Civil Procedure 23.  (*See* ECF No. 10 at PageID.62.)  Rule 23 governs class actions in federal court and outlines, *inter alia*, the prerequisites for class actions, types of class actions, certification of and notices to class members, settlements, and appeals.  *See generally* Fed. R. Civ. P. 23.  Rule 23 is not the proper vehicle for Mr. Manborde's request to be added as a class member to a class action lawsuit that is not pending before this Court.

The Court also notes that Mr. Manborde does not meet the criteria for class membership in the *Speerly* class action.  On March 20, 2023, Judge Lawson issued an order certifying the class pursuant to Rule 23(b)(3).  *Speerly v. Gen. Motors, LLC*, 343 F.R.D. 493, 526 (E.D. Mich. 2023), *leave to appeal granted sub nom*. *In re Gen. Motors, LLC*, No. 23-0104, 2023 WL 12074927 (6th Cir. Oct. 23, 2023), *aff'd*, 115 F.4th 680 (6th Cir. 2024), *reh'g en banc granted, opinion vacated*, 123 F.4th 840 (6th Cir. 2024).  In that order, the court defined the class as individuals

who purchased various GM models released from 2015 to 2019 equipped with eight-speed automatic transmissions (i.e., 8L45 and 8L90). *Id*. at 526-30. With respect to GM's Chevrolet Colorado, the model Mr. Manborde claims he purchased, the court limited the class to include only Chevrolet Colorado models manufactured from 2017 to 2019. *Id*. As explained, Mr. Manborde's complaint involves his purchase of a 2016 Chevrolet Colorado, which falls outside the certified class.

On these facts, the Court does not find any grounds to grant Mr. Manborde's motion.

Accordingly,

**IT IS ORDERED** that Mr. Manborde's motion to join a pending class action lawsuit pursuant to Federal Rule of Civil Procedure 23 (ECF No. 10) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 22, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 22, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager