UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO A. MANBORDE,

     Plaintiff,

                                Case No. 25-10522

v.                           Honorable Linda V. Parker
                                Mag. Judge Elizabeth A. Stafford

GENERAL MOTORS, LLC,

     Defendant.

_____/

## OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S OCTOBER 21, 2025 REPORT AND RECOMMENDATION [ECF NO. 30] AND (2) GRANTING DEFENDANT'S MOTION TO DISMISS [ECF NO. 20]

On February 24, 2025, Plaintiff Mario A. Manborde filed this pro se lawsuit against Defendant under the Magnuson-Moss Warranty Act (MMWA) and the Michigan Consumer Protection Act (MCPA).  (ECF No. 1.)  The Defendant subsequently filed a motion to dismiss arguing, *inter alia*, that Plaintiff failed to plead an amount in controversy sufficient to establish subject matter jurisdiction. (ECF No. 20.)  The Court referred the matter to Magistrate Judge Elizabeth A. Stafford for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. §636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).  (ECF No. 25.)

On October 21, 2025, Magistrate Judge Stafford issued an R&R that recommended that the Court grant Defendant's motion to dismiss for lack of subject matter jurisdiction.  (ECF No. 30.)  Plaintiff, in his amended complaint, alleged that he purchased a vehicle that was manufactured by defendant for $23,620.00 and that he made "several" payments on the vehicle before it was repossessed.  (ECF No. 9 at PageID.53, 57-58.)  Understanding that these alleged damages, standing alone, would not satisfy the $50,000 amount-in-controversy requirement for a Magnuson-Moss Warranty Act claim, Plaintiff asked the Court to treble his asserted damages.  (*Id.* at PageID.59.)

In the R&R, Magistrate Judge Stafford explains that the Court lacks subject matter jurisdiction because (1) the damages Plaintiff alleges fall short of the $50,000 amount-in-controversy requirement under the Magnuson-Moss Warranty Act, and (2) treble damages cannot be used to satisfy that requirement.  (ECF No. 30 at PageID.215.)  As such, Magistrate Judge Stafford made a recommendation to grant Defendant GM's motion to dismiss without prejudice for lack of subject matter jurisdiction.  (*Id.* at PageID.218.)

At the conclusion of the R&R, Magistrate Judge Stafford informs the parties that they must file any objections to the R&R within fourteen days.  (*Id.* at PageID.219-20.)  Plaintiff timely "filed" his objections on October 31, 2025, in accordance with the prison mailbox rule.  (ECF No. 37 at PageID.245; *Houston v.*

2

*Lack*, 487 U.S. 266, 274-76(1988)).  Defendant filed a response to Plaintiff's objections on November 17, 2025.  (ECF No. 39.)

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made."  28 U.S.C. § 636(b)(1).  A general objection, or one that does nothing more than disagree with a magistrate judge's determination or summarizes what has been presented before, is not considered a valid objection.  *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991).  The Court, however, "is not required to articulate all of the reasons it rejects a party's objections."  *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).  A failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues.  See *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Here, Plaintiff does not appear to have any valid objections to Magistrate Judge Stafford's recommendation.  Instead of addressing Judge Stafford's amount-in-controversy determination directly, he argues that the Court has "diversity and personal jurisdiction" over his claims.  (ECF No. 37 at PageID.246.)  This argument does not overcome Magistrate Judge Stafford's conclusion that Plaintiff failed to satisfy the amount-in-controversy threshold under the Magnuson-Moss

3

Warranty Act.  And because Plaintiff's alleged damages are less than $50,000,

diversity jurisdiction is likewise absent.  Therefore, subject matter jurisdiction is

lacking.

In Plaintiff's second objection, he argues that he is entitled to treble damages

because the Sherman Act provides for such relief.  However, Plaintiff has made

clear that he is pursuing claims under the Magnuson-Moss Warranty Act and the

Michigan Consumer Protection Act alone.  Plaintiff has not put forth any

allegations in his initial complaint, nor amended complaint, that can be construed

as an antitrust claim; he is therefore not entitled to seek damages that may be

awarded under the Sherman Act.

For these reasons, the Court rejects Plaintiff's objections to the R&R and

adopts Magistrate Judge Stafford's recommendations.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (ECF No. 20) is

**GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

Dated: March 4, 2026                    s/LINDA V. PARKER
                                        UNITED STATES DISTRICT JUDGE

4